IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–01541-PAB-KMT

MODIS, INC.,

    Plaintiff,

v.

KERRY PALMER,

    Defendant.

---

**ORDER**

---

    This matter is before the court on "Plaintiff Modis, Inc.'s Motion for Leave to Amend Complaint and Supporting Memorandum of Law" (Doc. No. 41, filed November 6, 2009).

    Pursuant to Fed. R. Civ. P. 15(a), "The court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir.2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant

> or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir.1983).

Plaintiff seeks to add two additional claims against Defendant Palmer for trade disparagement and misappropriation of trade secrets, and to add Access Data Consulting Corporation as a defendant in this case with a claim of tortious interference against it. The deadline for amending pleadings was set by this court at November 5, 2009. (Doc. No. 35.) The plaintiff filed its motion to amend on November 5, 2009, but was directed by the Clerk of Court to re-file the document in the correct format. (Doc. No. 40.) Plaintiff then re-filed the motion on November 6, 2009. The court finds the motion was timely filed. Further, the case is in the early stages of litigation.

Although Defendant states it opposes the motion to amend, asserting that amending the complaint would be futile in light of an arbitration agreement requiring that damage claims between the parties be arbitrated. However, at this stage in the proceedings, there has been no showing of, and the court does not find, undue delay, bad faith or dilatory motive, undue prejudice, or futility.

Therefore, it is **ORDERED**

"Plaintiff Modis, Inc.'s Motion for Leave to Amend Complaint and Supporting Memorandum of Law" (Doc. No. 4) is GRANTED. The Clerk of Court shall file Plaintiff's "Amended Complaint for Injunctive and Other Relief" (Doc. No. 41-2).

Dated this 18th day of December, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge